**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2455
_____

VIKAS PATEL,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(A077-027-000)
Immigration Judge: Ramin Rastegar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 21, 2019

Before: SHWARTZ, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: April 17, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

We do not normally entertain late or successive motions to reopen removal proceedings. But we will if an alien shows that conditions in his native country have materially changed. That requires two types of evidence: evidence of the country as it was and evidence of the country as it is. But Vikas Patel's second motion to reopen had neither. And evidence elsewhere in the record showed no material change. So we will deny Patel's petition for review.

## I. BACKGROUND

Vikas Patel entered the United States illegally in 1998. He was put into removal proceedings, but did not show up to a 1999 hearing. So the immigration judge held the hearing without him, found him removable, and ordered him removed to his native India. Even so, he remained in this country.

### A. Patel's First Motion to Reopen

Seventeen years later, Patel moved to reopen his removal proceedings, claiming that he had never received notice of the 1999 hearing. He also applied for asylum, attaching an unsworn statement and evidence of conditions in India.

In his statement, Patel said that he belonged to India's Congress Party. He claimed that he fled his country because of "threats, harassment and actual physical attacks by the opposition party, the Bharatiya Janata Party (BJP)." AR 183. He also stated that his cousin in India belongs to the BJP and stole some properties from Patel's brother. Patel's brother has since passed away, leaving the right to the properties to Patel. So he fears that if he ever returns to India, his cousin will use his influence in the BJP to "target [him] and have [him] killed" to keep him from claiming the properties. AR 185.

Patel's country-condition evidence consisted of articles describing political violence involving the BJP, the Congress Party, and others. The articles describe India's conditions from 2012 to 2015. But they say nothing about India's conditions in 1999.

The immigration judge denied Patel's motion to reopen. The Board of Immigration Appeals affirmed. The Board found that Patel had received notice of his 1999 hearing. And it said that Patel had made no "meaningful comparison" between conditions in India now and those in India "at the time of his [1999] hearing." AR 93. So there was no basis to reopen. Patel moved for reconsideration, which the Board denied. But he never sought judicial review of these decisions.

## B.  Patel's Second Motion to Reopen

Instead, Patel filed another motion to reopen. It alleged the same grounds for reopening, but with a few more details: The BJP was in power in India from 1998 to 2004. Then the Congress Party held control until 2014, when the BJP returned to power. So Patel alleged that he has a renewed fear of political persecution.

Along with his second motion, Patel submitted a second asylum application, identical with his first. And he gave a second unsworn supporting statement, also identical with his first. But this time he failed to offer evidence of India's conditions.

The Board denied the second motion as both time- and number-barred. It noted its previous finding that Patel had gotten notice of his 1999 hearing. It also found that he had "proffered no country information demonstrating materially changed circumstances or conditions in India" to justify reopening. AR 7. And it found no exceptional circumstances that warranted reopening his proceedings sua sponte.

3

Patel timely petitioned for judicial review of this order. He contests only the Board's ruling that he had not shown material changes in India's conditions.

The Immigration Judge had jurisdiction under 8 U.S.C. § 1229a. The Board had jurisdiction to review the removal order under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252. We review the Board's denial of a motion to reopen for abuse of discretion. *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009).

## II. THE BOARD DID NOT ABUSE ITS DISCRETION BY DENYING PATEL'S SECOND MOTION TO REOPEN

Normally, an alien may file only one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A). And the alien must file that motion within 90 days of the final removal order. *Id.* § 1229a(c)(7)(C)(i). But these time and number limits do not bar motions to reopen to apply for asylum or withholding "based on changed circumstances" in the alien's home country. 8 C.F.R. § 1003.2(c)(3)(ii); *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007).

Evidence of changed circumstances qualifies only if it "is material and was not available and could not have been discovered or presented at the" original merits hearing. 8 C.F.R. § 1003.2(c)(3)(ii); *Filja v. Gonzales*, 447 F.3d 241, 253 (3d Cir. 2006). So to evaluate changed circumstances, we compare conditions in India at the time of Patel's merits hearing (1999) with conditions in India at the time of his latest motion to reopen (2018). *See Shardar*, 503 F.3d at 313-14.

4

Patel filed two motions to reopen. And he filed the second one more than 18 years after his final removal order. So his motion is both time- and number-barred unless he has previously unavailable evidence of materially changed conditions in India.

But he offers no evidence. We review only the denial of Patel's second motion to reopen. Unlike his first motion, his second one included no evidence of India's conditions. All we have are his unsupported and unsworn allegations. So the Board rightly found that he had "proffered no country information demonstrating materially changed circumstances or conditions in India." AR 7.

Even if we took his alleged changes at face value, the result would be the same. Patel alleges two changed circumstances: (1) the BJP's return to power in 2014, and (2) his cousin's theft of his brother's properties and his related fear that his cousin will try to kill him.

But the former is not a change. As Patel himself noted, the BJP was in power at the time of his merits hearing in 1999. So the BJP's return to power in 2014 was a return to the status quo ante, not a change.

And the latter is not a material change in India's conditions. Patel's dispute with his cousin over allegedly stolen properties is an intra-family affair, not a change in India's *country* conditions. But personal disputes cannot support claims to asylum. *Khan v. Att'y Gen.*, 691 F.3d 488, 497-98 (3d Cir. 2012).

\* \* \* \* \*

Patel's second motion to reopen contained no evidence of country conditions. Even the evidence in his first motion does not show a material change in country conditions since

5

1999. So the Board did not abuse its discretion in denying his second motion to reopen.

We will thus deny the petition for review.